OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GERALD C. MANN
Attorney General

<u>This Opinion overrules
in part Opinion No. 0-2498</u>

Honorable Charles T. Banister
Criminal District Attorney
Corsicana, Texas

Dear Sir:

Opinion No. 0-2709
Re: Commissioners' courts -
Employment of wolf trappers.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"The Commissioners' Court of Navarro County has requested me to secure an opinion on this question:

"'Does the Commissioners' Court have legal authority to help pay the salary of a man devoting his time to trapping wolves in Navarro County, assuming that it is possible to secure assistance from the U. S. Department of Agriculture, Bureau of Biological Survey in the payment of the remainder of said trapper's salary.'

"Article 192-b, Sec. 1 and Sec. 5, V.A.C.S., might indicate that the Commissioners' Court could take such action. However, Section 5 referred to above provides that commissioners' courts may make appropriations for the 'work contemplated by this act.' However, I note that in your Opinion No. 0-2498 dated July 9, 1940, you rule that the Commissioners' Court of Terrell County has no authority to employ a wolf trapper. I have been unable to find any court decisions on this matter."

Article 192b, Section 1, Vernon's Annotated Texas Civil Statutes, reads as follows:

"That the State of Texas will cooperate through the Live Stock Sanitary Commission of Texas with United States Department of Agriculture, Bureau of Biological Survey, in destroying coyotes, wolves, mountain lions, bobcats and othe predatory animals, and through the Agricultural and Mechanical College of Texas will cooperate with the United States Department of Agriculture, Bureau of Biological Survey, in destroying prairie dogs, pocket gophers (Salamanders), jack rabbits, ground squirrels and other rodent pests in the interest of the protection of live stock, crops and ranges."

Article 192b, Section 4, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The Chairman of the Live Stock Sanitary Commission of Texas is hereby authorized and directed to execute a cooperative agreement with the

Secretary of Agriculture of the United States of America or the Bureau
of Biological Survey of the United States of America for carrying out
such cooperative work in predatory animal control in such manner and
under such regulations as may be stated in said agreement. The president
of the Agricultural and Mechanical College of Texas is hereby authorized
and directed to execute a cooperative agreement with the Secretary of
Agriculture or the Bureau of Biological Survey for carrying out such
cooperative work in rodent control in such manner and under such regu-
lations as may be stated in said agreement."

Article 192b, Section 5, Vernon's Annotated Texas Civil Statutes, reads
as follows:

"That the Commissioners Court of any county within the State or the
governing body of any incorporated city or town within the State is
empowered and authorized at its discretion to appropriate funds for
the prosecution of the predatory animal and rodent control work contem-
plated by this Act and in cooperation with State and Federal authorities
to employ labor and to purchase and provide supplies required for the
effective prosecution of this work."

Article 192b, Section 6, Vernon's Annotated Texas Civil Statutes, reads
as follows:

"All furs, skins and specimens taken by hunters or trappers paid from
State funds shall be sold under rules prescribed by the Live Stock
Sanitary Commission of Texas and the proceeds of such sales shall be
paid into the State Treasury to be credited and added to said predatory
animal fund. All furs, skins, and specimens taken by hunters or trappers
paid from county funds shall be sold as prescribed by the Commissioners'
Court of the county, and the proceeds of such sale shall be paid into
the County Treasury to be credited and added to such predatory animal
fund, provided that any specimen so taken may be presented free of
charge to the Agricultural and Mechanical College, or any other State
institution or to the United States National Museum for scientific
purposes."

In view of the foregoing statutes it is the opinion of this department
that your question should be answered in the affirmative. Our Opinion
No. O-2498 is hereby expressly overruled in so far as it conflicts
with the holding herein.

Very truly yours
ATTORNEY GENERAL OF TEXAS

s/ Wm. J. Fanning

By

Wm. J. Fanning
Assistant

WJF:AW/cg

APPROVED SEPTEMBER 9, 1940
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By BWB, Chairman